## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MASSACHUSETTS

KATHLEEN SOUZA,
     Plaintiff

                                   C.A. No.

v.

CITY OF TAUNTON PUBLIC SCHOOLS;
CITY OF TAUNTON;
BARBARA AUGER IN HER CAPACITY AS TREASURER
FOR CITY OF TAUNTON; AND
DR. JULIE HACKETT IN HER CAPACITY AS
SUPERINTENDENT OF SCHOOLS, CITY OF TAUNTON
     Defendants

## <u>COMPLAINT</u>

     This action is commenced by KATHLEEN SOUZA (hereafter "SOUZA" or "Plaintiff") against CITY OF TAUNTON PUBLIC SCHOOLS; CITY OF TAUNTON; BARABARA AUGER IN HER CAPACITY AS TREASURER FOR THE CITY OF TAUNTON; AND DR. JULIE HACKET IN HER CAPACITY AS SUPERINTENDENT OF SCHOOLS, CITY OF TAUNTON (hereafter "Employer" or "Defendant"), in order to remedy and seek relief for the Defendants' unlawful and discriminatory employment practices, in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. §§12001 et seq., in addition to other federal, state, and common law claims.

### JURISDICTION AND VENUE

     1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to, inter alia, §107(a) of the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. §12117 (a), which incorporates by reference §§706(f)(1).  All conditions precedent to establishing this court's jurisdiction have been satisfied.

2.      The employment practices hereafter alleged to be unlawful were, and are now, being committed in the Commonwealth of Massachusetts.   Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims.   Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.   This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3.      Venue is proper in this district pursuant to, *inter alia*, 28 U.S.C. 1391(b) and (c) and 42 U.S.C.  2000e-5(f)(3), because:

a)      the alleged unlawful practices occurred and are continuing to occur within the Commonwealth of Massachusetts, and in this judicial district;

b)      all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' place of business at 215 Harris Street; Taunton, Massachusetts, within this judicial district; and

c)      the Plaintiff is currently an active employee of the Defendants and working in Taunton, MA, within this judicial district, as a full-time employee.

4.      Plaintiff timely filed a formal Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that she had been subjected to unlawful discrimination and related retaliation on the basis of her disability and denied reasonable accommodations (EEOC #523-2013-00782).

5.      In timely fashion, Souza requested Right To Sue authorization from the appropriate administrative agency(ies), and has filed this action within ninety (90) days of her receipt of the appropriate notification(s), and has fulfilled all other conditions precedent to the institution of each count of this action (EXHIBIT A).

PARTIES

6.      The Plaintiff, Kathleen Souza, an individual, is a citizen and resident of Dighton, Massachusetts.

7.      On information and belief, the Defendant, City of Taunton Public Schools oversees educational services in the public sector including but limited to the school for which Plaintiff is placed and for which Defendant Hackett is the Superintendent.  The Superintendent and the Public School System are based at 215 Harris Street; Taunton, MA. Defendant City of Taunton and Defendant Auger, in her capacity as Treasurer for the City are located at 15 Summer Street; Taunton, MA.

8.      At all times material to the allegations of this Complaint, the Defendants have continuously, and do now, employ at least 100 or more employees in the Commonwealth of Massachusetts.

9.      At all times material to the allegations of this Complaint, the Defendants were and are an employer covered under the provisions of M.G.L.A. CH. 151B.  At all times material to the allegations of this Complaint, Plaintiff was protected and was qualified to assert this action, under the provisions of  M.G.L.A. CH. 151B.

10.      At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and §107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§701(g) and (h) of Title VII, 42 U.S.C. §2000e (g) and (h).

11.      At all times material to the allegations of this Complaint, the Defendants qualified as an employer and/or has been a covered entity pursuant to applicable provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e—2000e-17 et seq., and M.G.L.A. Ch. 151B, and any other state or federal statutes referenced in this

Complaint, as well as under §101(2) of the ADA, 42 U.S.C. §12117(2). Defendant at all times pertinent to this action was an employer within the meaning of M.G.L.A. CH. 151B, and all other provisions pertinent to this action.

12.     At all times material to the allegations of this Complaint, Souza was and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a); qualifies as a person with a disability under 42 U.S.C. 12112(a); and is otherwise covered as an individual and/or an employee under the provisions of M.G.L.A. CH. 151B. At all times material to this action, Fisher was a "handicapped person" within the meaning of M.G.L.A. CH. 151B; an "employee" under M.G.L.A. CH.151B, and was protected under the provisions of M.G.L.A. CH. 151B.

13.     Souza held the status of a person with a disability, as defined in §3(2) of the ADA, 42 U.S.C. 12102, and pursuant to pertinent state law, because she:

a.      has a physical or emotional impairment that substantially limits one or more of her major life activities;

b.      has a record of such an impairment; and/or

c.      is and was regarded by the Defendants as having such an impairment.

14.     On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendants, with respect to all allegations of this Complaint, and the Defendants knew or should reasonably have known of their unlawful conduct.

FACTS COMMON TO ALL COUNTS

15.     Plaintiff has been employed by the City of Taunton, Taunton Public School System since 2005.

16.     Plaintiff holds the position of school psychologist. At all times, Souza performs her duties in a satisfactory manner and is a dedicated and conscientious employee.

17.     At all times material to the allegations of this Complaint, Plaintiff has been able, with or without reasonable accommodation, to perform the essential functions of her position.

18.     In the fall of 2011, Plaintiff became impacted by serious and debilitating chronic pain mainly affecting her head.  This impairment impacted one or more of her daily life activities including but not limited to her cognitive ability(ies), her ability to work and sleep.

19.     In or about February 2012, Plaintiff was compelled to take a sick leave from work at which time she underwent various treatments and care for her illness including medication and injections to her head.

20.     Plaintiff returned to work on June 18, 2012 and then again in September, 2012, after an intermittent leave related to her impairment(s).

21.     At all times, despite the period Plaintiff was on approved medical leave, she was able to perform the essential functions of her position, with or without reasonable accommodation.

22.     Plaintiff requested minor and reasonable accommodations of the Employer.

23. Subsequent to returning to work form approved medical leave and requesting minor and reasonable accommodation(s), Plaintiff was subject to retaliation by the Employer.

24. The Employer denied Plaintiff certain reasonable accommodations, attempted to convince Plaintiff that she was not entitled to certain reasonable accommodation(s), intimidated, and subject to various conduct by the Employer in an attempt to discriminate against her.

25. The Employer was motivated to engage in the conduct cited in Paragraph 24 because of Plaintiff's disability and/or because it perceived her as being disabled and in retaliation for her requesting reasonable accommodation(s) and availing herself of medical leave time to which she was entitled under state and federal leave laws.

26. The Employer changed Plaintiff's work assignment, without prior notice to the Plaintiff and with no valid or reasonable basis. This assignment change required Plaintiff to travel between schools on opposite sides of the City requiring Plaintiff to travel and impacting her health.

27. Plaintiff reported to the Employer that she believed she was being discriminated against based on her disability but her concerns were dismissed.

28. After registering her concerns with the Employer, Plaintiff's supervisor changed Plaintiff's schedule with no reasonable explanation. Plaintiff requested that she remain in the same position with same schedule, citing her health issues, but was denied. On this occasion, Plaintiff was the only school psychologist to have a schedule change.

29. Plaintiff's serious medical condition was met by the Employer with dismissiveness and an attempt to minimize the severe nature of her illness. For example,

on one occasion, Plaintiff's supervisor told her brusquely, "Oh Kathy, we all have bad days."

30.     Plaintiff's requests for reasonable accommodation were also met with a dismissive and demeaning attitude by the Employer.  For example, the Plaintiff made a reasonable request that she be permitted to use some lamps in her office because fluorescent lighting exacerbated her condition.  The Defendants' response to Plaintiff's request for lamps was protracted and, when she finally did receive them five months later, her supervisor stated to her that her office "seems pretty cozy" in an effort to demean her need for accommodation.

31.     Numerous of Plaintiff's reasonable requests for accommodation were not adequately addressed by the Employer.  For example, on one occasion, Plaintiff made the simple request for an anti-glare computer screen.  Plaintiff never received this screen and was told the request wasn't approved.

32.     The Employer engaged in various conduct that was demeaning and harassing in an attempt to retaliate against the Plaintiff.  Such conduct included but was not limited to the following:

a.   Pressuring the Plaintiff to release her confidential medical information;

b.  Reassigning the Plaintiff to various schools which had the deliberate effect of making her subject to the most evaluations; a higher workload (higher than any other school psychologist in the District) and unnecessary travel;

c.  Crafting an individual and lengthy reporting procedure for the Plaintiff to follow if absent (no other school psychologists in the District were subject to this procedure);

d.  Denying reasonable accommodations;

e.  Making demeaning comments to the Plaintiff in an effort to embarrass her because of her medical impairment(s) and treat her in a disparate manner.

33.     At the date of the filing of the instant Complaint, Plaintiff remains employed by the Defendant.   Plaintiff has consistently and diligently informed Defendants on her medical condition(s), ongoing treatment, and requests for accommodation(s).  Plaintiff has required certain leaves of absence(s) for which she was eligible under state and federal leave laws due to her debilitating medical condition(s).

34.     At the date of the filing of the instant Complaint, Plaintiff continues to be treated in a disparate manner, denied reasonable accommodations, subject to discriminatory terms or conditions of employment and retaliated against.

35.     The Defendants intentionally and deliberately discriminated against that Plaintiff, because she is disabled, and/or it perceives her as being disabled, and/or to retaliate against her for requesting reasonable accommodations and availing herself of her medical leave rights.

36.     The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff.  Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff.   The Defendants knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory, and retaliatory treatment, as a result of her disability status and/or because it perceived her as being disabled and in retaliation for her request for reasonable accommodation and availing herself of her medical leave rights.

37.     The wrongful actions by Defendants and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost active employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

COUNT I
AMERICANS WITH DISABILITIES ACT
ADA-42 U.S.C. §12117
Discriminatory Terms and Conditions of Employment
Failure To Accommodate
Retaliation

38.     Paragraphs 1-37 above are incorporated herein by reference in their entirety.

39.     At all times material to the allegations of this Complaint, Plaintiff was a qualified individual with a disability within the meaning of ADA, in that she had a physical or mental impairment that substantially limits one or more of her major life's activities, had a record of such an impairment, and/or was regarded by Defendants as having such an impairment.

40.     Despite her disability or impairment, Plaintiff was able to perform the essential duties of her position, either with no need for accommodation or with reasonable accommodation.

41.     The Defendants have engaged in unlawful employment practices in violation of the ADA §§ 102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. §§12112(a), 12112(b)(1) and 12112(b)(5)(B), in addition to other sections.

42.     The unlawful practices engaged in by the Defendants include, but are not limited to, Defendants' conduct in refusing to accommodate Plaintiff, forcing the Plaintiff to work under discriminatory terms and conditions of employment, retaliating against Plaintiff, and refusing Plaintiff reasonable accommodations.

43.     But for the Defendants' intent to discriminate against Plaintiff because of her status as a qualified person with a disability, and/or because the Defendants perceived Plaintiff as being disabled, Defendants would not have engaged in the conduct referenced in this Complaint.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT II
M.G.L.A. CH. 151B, et seq.
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
FAILURE AND REFUSAL TO ACCOMMODATE
RETALIATION

44.    The allegations contained in paragraphs 1-43 above are incorporated herein by reference in their entirety.

45.    The Defendants' discriminatory conduct, policies, and practices are violative of the provision of the M.G.L.A. CH. 151B et seq., by:

a.        interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability;

b.        depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.        treating her in a hostile, demeaning, and otherwise unlawful manner based on her disability and/or the perception that she was disabled; and

d.        causing her lost income and benefits, humiliation, physical and emotional injury, a well as harm to her personal and professional reputation.

46.    The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's status as a qualified employee with a disability.   Such practices include, but are not limited to, the Defendants:

a.        refusing to reasonably accommodate Plaintiff;

      b.     forcing Plaintiff to work under discriminatory terms and conditions of employment; and

      c.     retaliating against Plaintiff for asserting her rights to be free from discrimination based on disability; and for opposing practices forbidden under M.G.L.A. CH. 151B, including, but not limited to §4(4).

47.     But for the Defendants' intent to discriminate against Plaintiff because of her disability and/or its perception that she was disabled, Defendant would not have subjected her to discriminatory terms and conditions of employment, refused her reasonable accommodation or retaliated against her.

48.     The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's disability and/or its perception that she was disabled.  The Defendants' conduct has unlawfully impacted Plaintiff's active employment, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT III
## RETALIATION

49.     The allegations contained in paragraphs 1-43 above are incorporated herein by reference in their entirety.

50.     Defendant's actions referenced above, were taken in retaliation against the Plaintiff and are violative of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964 and M.G.L. Ch. 151B.


WHEREFORE, Plaintiff prays that judgment be entered against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

---

## COUNT IV
## FEDERAL FAMILY AND MEDICAL LEAVE ACT of 1993
### 29 U.S.C. 2601 *et seq.*

51.     The allegations in Paragraphs 1-43 are incorporated herein, by reference, in their entirety.


52.     Plaintiff is entitled to 12 weeks of leave under the Federal Family and Medical Leave Act of 1993.


53.     Due to a serious medical illness, Plaintiff was compelled to avail herself of certain leave time for which she was eligible.


54.      Plaintiff provided all necessary and appropriate documentation to the Employer in support of her request(s) for leave.

55.     The Defendants retaliated against Plaintiff because she asserted her rights under the Act and have subjected her to discriminatory terms and conditions of employment and other unlawful conduct.

56.     The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the federal Family and Medical Leave Act, 29 U.S.C. 2601 *et seq.*

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as herein requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.  an order that Defendants institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals regardless of disability status;

b.  an order that the Defendants make whole the Plaintiff with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.  an order that the Defendants make whole the Plaintiff by providing compensation for any pecuniary losses, including, but not limited to, any costs incurred for health and life insurance premiums, medical treatment while without insurance, vacation pay and other benefits,

and the costs of seeking new employment, in amounts to be determined at trial;

d.  an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including, but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

e.  grant attorney's fees and the costs of this action;

f.  grant punitive damages, as appropriate, to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g.  grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued;

h.  any and all penalties and damages available pursuant to state or federal statute; and

i.  grant such further relief as this Court deems necessary and proper.

Respectfully Submitted,
Kathleen Souza
By Her Attorney,
Stephen T. Fanning, Esq.

/s/  Stephen T. Fanning
Stephen T. Fanning #542343
305 South Main Street
Providence, RI 02903
401-245-5802
401-245-4520 (FAX)